IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:19CR189-1 |
| | ) | 1:19CR416-1 |
| TYRONE THOMAS WOODS | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Defendant's Claim for Exemption and Request for a Hearing on a Writ of Execution issued December 14, 2020. (Case No. 1:19CR189-1, Docket Entry 39; Case No. 1:19CR416-1, Docket Entry 26.) The government has filed a response. (Case No. 1:19CR189-1, Docket Entry 41; Case No. 1:19CR416-1, Docket Entry 28.) For the following reasons, this Court recommends that Defendant's motion be denied.

**BACKGROUND**

On August 14, 2019, Defendant Tyrone Thomas Woods pled guilty, pursuant to a plea agreement, to one count of Armed Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and (d) in Case No. 1:19CR416-1. On the same day, in Case No. 1:19CR189-1, Defendant pled guilty to three counts of Armed Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and (d), one count of Bank Robbery in violation of 18 U.S.C. § 2113(a), and one count of Brandishing a Firearm during and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(a)(1)(A)(ii). In the former matter, Defendant was sentenced to one hundred eighty-eight months of incarceration (to run concurrent with the sentence imposed in Counts 1, 3, 4, and 5 of Case No. 1:19CR189-1) and five years of probation (to run concurrent with the sentence imposed in Case No. 1:19CR189-1), and he was ordered to pay a $100.00 special assessment.

(Case No. 1:19CR416-1, Docket Entry 21.)[1] In Case No. 1:19CR189-1, Defendant was sentenced to two hundred seventy-two months of incarceration (188 months on each of Counts 1, 3, 4, and 5 to run concurrent with each other and concurrent to the sentence imposed in Case No. 1:19CR416-1 and 84 months on Count 2 to run consecutive to Counts 1,3,4, and 5 and consecutive to the sentence imposed in Case No. 1:19CR416-1) and five years of probation (five years on each of Counts 1, 2, 3, and 4 and three years on Count 5 to run concurrent with each other and concurrent with the sentence imposed in Case No. 1:19CR416-1), and he was ordered to pay a $500.00 special assessment. (Case No. 1:19CR189-1, Docket Entry 34.)[2]

A total restitution obligation under both 1:19CR416-1 and 1:19CR189-1 was assessed in the amount of $19,872.90. (Case No. 1:19CR189-1, Docket Entry 34; Case No. 1:19CR416-1, Docket Entry 21.) As of December 9, 2020, no funds had been credited to the restitution debt, leaving a total balance of $20,472.90, to which no interest is currently accruing. (*See* Case No. 1:19CR189-1, Docket Entry 35; Case No. 1:19CR416-1, Docket Entry 22.)

On December 10, 2020, the government filed an Application for Writ of Execution for Seized Funds, seeking to execute on U.S. currency in the amount of $560.00 held by the Greensboro Police Department in the name of Defendant. (*Id.*) On December 14, 2020, the Clerk of Court issued a Writ of Execution against the seized funds held by the Greensboro Police Department. (Case No. 1:19CR189-1, Docket Entry 36; Case No. 1:19CR416-1,

---

[1] An Amended Judgment was filed to correct a clerical mistake pursuant to Federal Rule of Criminal Procedure 36.

[2] An Amended Judgment was filed to correct a clerical mistake pursuant to Federal Rule of Criminal Procedure 36.

2

Docket Entry 23.) A Notice was sent to Defendant pursuant to 28 U.S.C. § 3202(b), informing him that the monies held by the Greensboro Police Department were being taken by the government for the enforcement of the Judgments in the criminal matters. (Case No. 1:19CR189-1, Docket Entry 37; Case No. 1:19CR416-1, Docket Entry 24.) On February 11, 2021, Defendant filed a Claim for Exemption Form and Request for Hearing. (Case No. 1:19CR189-1, Docket Entry 39; Case No. 1:19CR416-1, Docket Entry 26.) On February 19, 2021, at the Court's request, the Government filed a response. (Case No. 1:19CR189-1, Docket Entry 41; Case No. 1:19CR416-1, Docket Entry 28.)

## DISCUSSION

As noted, Defendant's criminal Judgments includes special assessments and restitution in the total amount of $20,472.90. Orders for restitution may be enforced by the United States in the same manner as a judgment imposing a fine. 18 U.S.C. § 3664(m)(1)(A)(i). Such judgments may be enforced "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). The Federal Debt Collection Procedures Act ("FDCPA") sets forth post-judgment procedures which allow the government to enforce judgments by obtaining a writ of execution on defendant debtor's property. *See* 28 U.S.C. § 3203. In the instant matter, the government is seeking to enforce an order of restitution against Defendant by executing on U.S. Currency in the amount of $560.00 held by the Greensboro Police Department, in the name of Defendant. There is no dispute that the government has complied with the procedures set forth in the statute.

Also applicable here, the Mandatory Victims Restitution Act ("MVRA") provides that

3

Case 1:19-cr-00189-TDS    Document 42    Filed 03/05/21    Page 3 of 6

a sentencing court "shall order" defendants convicted of certain crimes to "make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). The MVRA allows the government to enforce a restitution order as specified in the statute and "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A). Here, the government is seeking to enforce the criminal judgment entered against Defendant by executing on seized funds.

Defendant filed an exemption form pursuant to 18 U.S.C. § 3613(a). This statute allows the government to enforce a judgment imposing a fine or restitution "against all property or rights to property of the person fined" with very limited exceptions. 18 U.S.C. § 3613(a). Property exempt from enforcement is certain property that is otherwise exempt from levy for taxes under the Internal Revenue Code. *See* 18 U.S.C. § 3613(a)(1).[3] Permissive exemptions include the following: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments; (7) workmen's compensation; (8) judgments for support of minor children; (10) certain service-connected disability payments; and (12) assistance under Job Training Partnership Act, 29 U.S.C. § 1501 et seq. *See id.* (exempting property listed in 18 U.S.C. § 6334(a)(1)-(8), (10), (12)). Under the FDCPA, a judgment debtor may request a hearing and move to quash an enforcement order, however the issues are limited to the validity of any claim of exemption, the government's compliance with statutory requirements, and the validity of default judgments. *See* 28 U.S.C. § 3202(d) (a hearing concerning the enforcement of a judgment by

---

[3] There are two additional exceptions which Defendant does not assert, nor appear applicable here. *See* 18 U.S.C. §§ 3613(a)(2) and (3).

the United States is limited to circumstances where the debtor has claimed exemptions or challenged compliance with statutory requirements or the judgment has been obtained by default).

Here, Defendant's claim for exemptions and request for a hearing is without merit. He does not claim any exemptions on the form, nor does he otherwise assert a hearing based upon the three statutory grounds set forth in 28 U.S.C. § 3202(d). Defendant simply states, "I had two jobs to prove where I got the money from." (Case No. 1:19CR189-1, Docket Entry 39; Case No. 1:19CR416-1, Docket Entry 26.) This is not grounds to warrant a hearing. The property sought by the execution here is U.S. currency that was previously seized and held by the Greensboro Police Department. The levied property does not fall within the category of exempt property, and Defendant neither raises a claim of non-compliance with any statutory requirement nor does he contend that his restitution was the result of a default. Having not filed a valid claim of exemption or otherwise asserted statutory grounds for a hearing, Plaintiff's request should be denied. *See, e.g.*, *United States v. Bird*, No. 2:09CR15, 2009 WL 4801374, at *4 (W.D.N.C. Dec. 8, 2009) (unpublished) ("The Defendant has not claimed any exemptions and there is no dispute that the Government complied with the procedural requirements of the statute. The Defendant is therefore not entitled to a hearing.").

## CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendant's Claim for Exemption and Request for a Hearing (Case No. 1:19CR189-1, Docket Entry 39; Case No. 1:19CR416-1, Docket Entry 26) be **DENIED**.

5

_____
Joe L. Webster
United States Magistrate Judge

March 5, 2021
Durham, North Carolina